# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

MISTY HARDEN and ROBERT HARDEN,        )
as Guardians and Next Friend of SHAUN   )
SMITH, an incapacitated adult; and      )
SAVANAHA WORKS,                          )
                                         )
                       Plaintiffs,        )
vs.                                      )        NO. CIV-19-0379-JH
                                         )
B.J. HEDGECOCK, SHERIFF OF               )
PUSHMATAHA COUNTY, OKLAHOMA,             )
in his official capacity,                )
TAMARA RASHAE NICHOLS, and               )
TIMOTHY BYERS,                           )
                                         )
                  Defendants.        )

## ORDER

This case is a re-filing of Smith v. Nichols, et al., CIV-18-46-RAW, which was dismissed without prejudice on February 27, 2019.  On November 8, 2019, plaintiffs filed the present case, adding a new plaintiff and a new defendant who were not previously part of the earlier case.  While the other defendants were served in January 2020, defendant Nichols was not served until on or about April 29, 2020, 173 days after the filing of plaintiffs' Complaint.  Defendant Nichols now moves the court to dismiss her from this case pursuant to Federal Rule of Civil Procedure 4(m).  Plaintiffs have filed no response.

Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the

> court must extend the time for service for an appropriate
> period.

Fed.R.Civ.P. 4(m).  When determining whether to dismiss under Rule 4(m), a court uses a two-step analysis.  First, the court must consider whether the plaintiff has shown good cause for failure to timely serve the defendant.  *See* <u>Espinoza v. United States</u>, 52 F.3d 838, 841 (10th Cir. 1995).

> If good cause is shown, the plaintiff is entitled to a mandatory
> extension of time.  If the plaintiff fails to show good cause, the
> district court must still consider whether a permissive
> extension of time may be warranted.  At that point the district
> court may in its discretion either dismiss the case without
> prejudice or extend the time for service.

*Id.*

Plaintiffs have filed no response to defendant Nichols' motion and have thus failed to show good cause for their failure to timely serve her.  Additionally, plaintiffs have provided no basis for this court to exercise its discretion and extend the time for service.

Accordingly, defendant Nichols' Motion to Dismiss [Doc. #21] is **GRANTED**, and all claims against defendant Nichols are **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 9th day of June, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

2